## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GARY A. BUFALO,
  Appellant,

  v.

OFFICE OF PERSONNEL
  MANAGEMENT,
  Agency.

DOCKET NUMBER
CH-0831-18-0487-I-1

DATE: November 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary A. Bufalo, Sr.</u>, Charlotte, North Carolina, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the final decision by the Office of Personnel Management (OPM) that denied his request for a waiver of the interest on his redeposit for service for which he previously received a refund. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 The appellant filed an appeal of the July 10, 2018 final decision by OPM denying his request for a waiver of the interest on his redeposit for service for which he had received a refund. Initial Appeal File (IAF), Tab 1 at 4, 7-8. The administrative judge originally set a prehearing conference for August 23, 2018, and a hearing date for October 15, 2018. IAF, Tab 3 at 1, 3. In an Order to Show Cause, the administrative judge postponed the prehearing conference and ordered the appellant to submit evidence proving the Board's jurisdiction over the matter. IAF, Tab 10 at 2-3. Following the appellant's response, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 11, Tab 12, Initial Decision (ID). According to the administrative judge, the appellant was not entitled to a waiver of interest on his refunded service as a matter of law, and thus, the administrative judge denied the appellant's request for a hearing. *Id.* The initial decision informed the appellant that it would become final on October 1, 2018. ID at 3.

¶3 On October 7, 2018, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. On October 10, 2018, he filed a motion to accept his petition for review as timely or to waive the time limit. PFR File, Tab 3. The agency responded to both the appellant's motion and his petition for review. PFR File, Tab 5. According to the appellant, the administrative judge did not appear for the prehearing conference, and he was told to maintain the set date of his hearing for October 15, 2018.[2] PFR File, Tab 3 at 2. He further states that, on October 1, 2018, he called the Clerk of the Board to confirm the upcoming hearing date and was informed that the case had been closed as of September 27,

---

[2] In her August 8, 2018 Order to Show Cause, the administrative judge postponed the prehearing conference. IAF, Tab 10 at 2. It appears the appellant was not aware of this postponement.

2018. *Id.* The appellant asserts that because the administrative judge told him to maintain the October 15, 2018 hearing date, and he did not learn his case was closed until October 1, 2018, he did not feel the need to file for an extension of his petition for review. *Id.* at 3. Instead, he was "just trying to get a conversation with the Judge and had a date already on the calendar." *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is untimely.

¶4    To the extent the appellant is arguing that the petition for review was timely based on a delayed receipt of the initial decision, we disagree. Although the appellant claims he did not learn that his case had been closed until October 1, 2018, we note that he is an e-filer and is deemed to have received the initial decision on the date of electronic submission, August 27, 2018.[3] PFR File, Tab 3 at 2; *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(m)(2). Moreover, in his petition for review, the appellant admitted that he received the initial decision on August 27, 2018, the date of its submission. PFR File, Tab 1 at 3. Accordingly, any petition for review was due 35 days later, by October 1, 2018. 5 C.F.R. § 1201.114(e). Further, the initial decision stated that it would become final on October 1, 2018, unless he filed a petition for review by that date. ID at 3. Accordingly, his petition for review filed on October 7, 2018, is untimely by 6 days.

The appellant has failed to demonstrate good cause for the untimeliness of his petition for review.

¶5    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). Good cause is established by showing that a party exercised due diligence or ordinary prudence under the

---

[3] Because the initial decision was issued on August 27, 2018, it appears the appellant either misunderstood or typed the incorrect date on his motion. PFR File, Tab 3 at 2; ID at 1.

particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶6        The fact that the appellant is pro se and the filing delay was only 6 days is insufficient to demonstrate good cause. *See Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006) (declining to excuse a pro se appellant's 6-day filing delay because he did not show that he exercised due diligence); *Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing where the pro se appellant failed to show good cause for the delay); *see also Harris v. Department of Defense*, 101 M.S.P.R. 123, ¶ 10 (2006) (finding an 8-day delay is neither lengthy nor minimal). The Board has consistently denied a waiver of its filing deadline if a good reason for the delay is not shown, even where the delay is minimal and the appellant is pro se. *Edeburn v. U.S. Postal Service*, 95 M.S.P.R. 486, ¶ 16 (2004).

¶7        Here, the appellant's excuse is essentially that, because there was a previously scheduled hearing for October 15, 2018, he did not feel the need to file a petition for review because he already had a conversation scheduled with the administrative judge. PFR File, Tab 3 at 2-3. He further claims that, on October 1, 2018, he was told by the Clerk of the Board that his case was closed, but the Clerk did not mention that any petition for review was due that day. *Id.* at 2. Neither of these justifications demonstrate that the appellant exercised due diligence or ordinary prudence in attempting to timely file his petition for review, especially given that the initial decision states in clear terms that any petition for review must be filed before October 1, 2018. ID at 3. Therefore, we conclude

that the appellant has failed to demonstrate good cause for the untimeliness of his petition for review.

¶8 To the extent the appellant is challenging the administrative judge's failure to issue a close of record order or hold a hearing, any alleged error had no effect on the appellant's ability to timely file a petition for review, and thus, we decline to address these arguments. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding OPM's reconsideration decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Jennifer Everling_

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.